IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                CASE NUMBER:    3:14cr3/MCR

DOUGLAS EDWARD HENDERSON
_____/

FACTUAL BASIS FOR GUILTY PLEA

The parties agree with the truthfulness of the following factual basis for the Defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary.

Defendant Douglas Edward Henderson was the president of Henderson Electric Heat and Air Conditioning, Inc., ("Henderson Electric HAC") and Henderson Electric, Inc. ("Henderson Electric"). These companies were incorporated in the state of Florida in 1981 and 1997 respectively, and operated out of Okaloosa County, Florida, which is located in the Northern District of Florida. For at least tax years 2008 through 2010, a certified public accountant firm located in the Northern District of Florida, was retained by Douglas Henderson to prepare tax returns for the following: the corporate tax returns for the above identified two entities; the individual tax returns for the defendant and G.E.H.; and the estate and trust tax return for the Henderson 2006 Family Trust ("Henderson Family Trust").[1] The Henderson Family Trust was established in the state

---

[1] These two entities will collectively be referred to as the defendant's entities and/or the defendant's companies.

January 31, 2014

of Florida in or about July 2006, for the primary benefit of Douglas Henderson and G.E.H. The defendant, G.E.H., N.D.H., N.E.H., and J.W.H. were identified as trustees of the Henderson Family Trust. For at least the tax years 2008 through 2010, the defendant was a resident of Fort Walton Beach, Florida, which was located in the Northern District of Florida.

For tax years 2008 through 2010, the defendant caused personal expenses to be paid with his businesses' bank accounts, and then caused personnel in his office to falsely classify the personal expenses as business expenses associated with a contract between the defendant's companies and MacDill Air Force Base. Thereafter, the defendant's companies' books and records were submitted to the CPA retained by the defendant, and the defendant's personal expenses were deducted from the corporate tax returns filed with the Internal Revenue Service ("IRS"). Further, the defendant failed to report the personal expenses on his individual income tax returns.

As a result, for the tax years 2008 through 2010, the defendant filed and caused to be filed various tax related documents which falsely identified/stated the total income or taxable income to be less than it actually was for the defendant's companies, himself, and the Henderson Family Trust. That is, the defendant filed and/or caused to be filed returns for the following tax years, on the following IRS forms, claiming the below identified total income or taxable income:

| Count | Tax Year | Type of Return (Form) | Total Income Claimed |
|---|---|---|---|
| One | 2008 | Individual 1040 | $ 969,473 |
| Two | 2009 | Individual 1040 | $1,032,599 |
| Three | 2008 | Henderson Electric HAC 1120 | $3,174,293 |
| Four | 2009 | Henderson Electric 1120S | $3,467,976 |
| Five | 2010 | Henderson Electric 1120S | $4,978,354 |
| Six | 2009 | Henderson Family Trust 1041 | $1,168,542 |
| Seven | 2010 | Henderson Family Trust 1041 | $2,547,471 |

The defendant knew that the total income or taxable income identified for the respective years on the tax related documents submitted to the IRS was, in fact, greater than the amount identified. The false statements in each of the tax related documents were material. For counts One through Four and Six, the tax related documents contained a written declaration that was under the penalty of perjury. Each of the above returns were submitted to the IRS by the accountant who was then located in the Northern District of Florida.

In or around July 2010, the IRS notified the defendant that an audit was being conducted of his companies and his personal income tax returns. Thereafter, the defendant caused misclassified invoices to be submitted to the IRS, which falsely made it appear that various personal expenses were for work completed on or associated with MacDill Air Force Base.

In or about April and May 2005, Douglas Henderson and G.E.H. purchased the condominium located at 4509 Southwinds Drive, Miramar Beach, Florida, which was located in the Northern District of Florida. In 2010, the defendant listed the condominium for sale. In or around December 2012, the defendant sought authorization from Vericrest (the servicer on the defendant's outstanding mortgage loans on the

condominium) to be permitted to sell the condominium through a short sale. As a part of the short sale process, the defendant submitted and/or caused to be submitted fraudulent hardship letters essentially claiming he had no money and no income. Thereafter, the trustees of the Henderson Family Trust executed a document for J.A., who was then the chief financial officer of Henderson Electric, so that J.A. could sign documents concerning the sale of the condominium. Thereafter, J.A. signed a contract to purchase the condominium on behalf of the Henderson Family Trust for $550,000. Vericrest declined the short sale request. Thereafter, J.A. submitted another offer for $664,000 on behalf of the trust, which was approved and a short sale acceptance letter was emailed to the defendant and J.A. which outlined the conditions for the short sale. Included in the outlined conditions were the following:

> the sale "must be an 'arms length transaction' between parties who are unrelated and unaffiliated by family, marriage, or commercial enterprise;" there must be "no agreements or understandings between the seller and the buyer that the seller will remain in the property as a tenant or will obtain title or ownership of the property within 10 years of closing;" and that there are "no current agreements or offers relating to the sale or subsequent sale of the property that have not been disclosed to Vericrest.

In light of the arms' length letter, the title attorney and the real estate agent handling the transaction notified the defendant and J.A. that the Henderson Family Trust could not purchase the condominium through short sale from the defendant. To get around this issue, J.A. and the defendant executed an addendum to the contract for the sale of the condominium which assigned the contract from the Henderson Family Trust to

J.A. Thereafter, J.A. caused $664,000 to be wired from Henderson Electric's business bank account to the title agent for closing.

Thereafter, and without Vericrest's knowledge, J.A. signed a mortgage and security agreement in which J.A. obtained a mortgage for $664,000 from the defendant. J.A. further signed a promissory note promising to repay the defendant the $664,000. Vericrest was never made aware of these hidden agreements, or the fact that J.A. was purchasing the condominium on behalf of a trust for which the defendant and G.E.H. were the beneficiaries. Had Vericrest known of these agreements, it never would have approved the short sale. As a result of the aforementioned, even though approximately $1,144,684.27 was owed on the defendant's mortgage, Vericrest only received approximately $618,152.84. During the process of the short sale, the defendant and J.A. sent emails from the Northern District of Florida to the title agent and Vericrest. Vericrest was located outside the state of Florida. Further, following the closing, on or about March 8, 2013, closing documents were mailed via Federal Express from the title agent to Vericrest. The title agent was located in the Northern District of Florida.

## ELEMENTS OF THE OFFENSES

### Counts One through Four and Six – 11th Cir. Pattern Inst. 109.1 – Filing False Tax-Related Documents

1. the Defendant made or caused to be made a tax related document, that is, a Form 1040, 1120, 1120S or 1041 as identified in the respective counts, for the year identified in the respective counts.
2. the tax-related document contained a written declaration that it was made under the penalty of perjury;
3. when the Defendant made or helped to make the tax-related document, he knew it contained false material information;
4. when the Defendant did so, he intended to do something he knew violated the law;
5. the false matter in the tax-related document related to a material statement.

### Counts Five and Seven – 11th Cir. Pattern Inst. 109.2 - Aiding or Assisting in Preparation of False Documents

1. that the Defendant [aided in] [assisted in] [procured] [counseled] [advised on] the preparation [presentation] of a return arising under or in connection with any matter arising under the Internal Revenue laws; and
2. this return falsely stated the total income or taxable income was less than what it actually was during the year identified in the respective counts;
3. the defendant knew that the statement in the return was false;
4. the false statement was material; and
5. the defendant did so with the intent to do something the defendant knew the law forbids.

### Count Eight – 11th Cir. Pattern Inst. 54 - Conspiracy to commit mail or wire fraud

1. two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit fraud, as charged in the Information; and
2. the Defendant knew the unlawful purpose of the plan and willfully joined in it.

### Count Nine – 11th Cir. Pattern Inst. 50.1 - Mail Fraud

1. the defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;
2. the false or fraudulent pretenses, representations, or promises were about a material fact;
3. the defendant intended to defraud someone;
4. the defendant used a private or commercial interstate carrier by depositing or causing to be deposited with the carrier something meant to help carry out the scheme to defraud.

_____
DAVID MCGEE
Attorney for Defendant

_____
GREGORY MILLER
Attorney for Defendant

_____
DOUGLAS EDWARD HENDERSON
Defendant

1/31/14
Date

PAMELA C. MARSH
United States Attorney

_____
TIFFANY H. EGGERS
Florida Bar No. 0193968
Assistant United States Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850-444-4000

1/31/14
Date